TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00433-CV






Tam Doan Minh, Appellant


v.


Tsegaye Chernet and Egegayehu Chernet, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. 247,168, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 We hereby abate this appeal and remand to the county court at law for a determination
regarding the status of the record in this cause.

 The clerk's record in this cause is overdue. Notice of appeal was filed on July 10,
2002. The parties apparently entered a settlement agreement in August 2002, and notified this Court
of that agreement on September 30, 2002. In January 2003, however, this Court was notified that
the parties no longer agreed to settle their differences. By order of this Court, the clerk's record was
due March 17, 2003. No record has been filed.

 By letter dated April 9, 2003, David Ferris, the county clerk's civil/probate division
manager, notified this Court's clerk that the record could not be prepared. Ferris stated that the clerk
had no record that any payment had been made for the clerk's record, had no record that any party
had designated a record, and could not locate the record itself. The only record the clerk could locate
contained a Rule 11 agreement among the parties, a statement by a county file clerk that the record
could not be found in the courthouse or in offsite storage, and this Court's order setting the record
preparation deadline. The record of the proceedings at the trial court, however, was missing. Ferris
opined that a party or a member of the public might have inadvertently removed the record from the
courthouse.

 This state of affairs makes it difficult for this Court to discern how to proceed. If
appellant has not paid for the preparation of the record, then dismissal would be appropriate. See
Tex. R. App. P. 37.3(b). If the record is lost or destroyed, the parties may, by written stipulation
deliver copies of the missing items to the trial court. See id. 34.5(e). If the parties cannot agree on
what constitutes the record, the trial court must determine what constitutes an accurate copy of the
missing items and order their inclusion in the clerk's record. See id. 34.5(e). If the record is lost or
destroyed and the parties and trial court cannot agree or determine what items constitute the record,
the remedy may be remand for a new trial. See id. 34.6(f). Although Rule 34.6(f) by its terms
applies solely to lost or destroyed reporter's records, that may provide a guide for a situation
apparently not contemplated by the rules--the complete disappearance of a clerk's record and the
inability of the parties and the trial court to determine what should comprise the replacement record.

 Accordingly, we abate this appeal and remand to the county court at law for a
determination of the status of the record in this cause. The court should determine, to the extent
possible, (1) whether appellant has paid for or made arrangements to pay for the record, (2) whether
the clerk's record is lost or destroyed and how that occurred, and (3) if the original clerk's record is
irretrievable, whether the clerk's record can be reconstituted sufficiently to allow the parties to
present the issues on appeal. In order to make this process efficient and effective, the parties should
resolve as many of these issues as possible before the court holds its hearing. After the hearing, the
county court at law shall prepare an order reporting its findings on these and other issues it deems
relevant to the preparation of the clerk's record for this appeal. Upon receiving the county court at
law's order reporting its findings, the county clerk shall immediately prepare a clerk's record
containing that order and file it with this Court's clerk. If the original clerk's record is recovered or
recreated contemporaneously with the hearing and order, the county clerk may prepare a single
clerk's record containing the relevant documents.

 We request that the county court at law hold this hearing and make its findings as
soon as possible. This cause is hereby abated until the county clerk files the clerk's record
containing the county court at law's order reporting its findings or until May 20, 2003, whichever
is sooner. Absent further order of this Court, this cause will be automatically reinstated on May 20,
2003.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: April 24, 2003